UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**FREDERICK HENRY**                               CASE NO.: 2:20-cv-14451

    **Plaintiff,**

v.

**OKEECHOBEE COUNTY
SHERIFF'S OFFICE, a Florida
Governmental Entity; and
NOEL STEPHEN in his official capacity
as Sheriff of Okeechobee County.**

    **Defendants.**
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW,** Plaintiff, FREDERICK HENRY, by and through undersigned counsel, who does hereby respectfully file this Response to Defendant's Motion to Dismiss, and states:

1. The Complaint contains the following four (4) counts:

Count 1 – Negligence (State Law); Count 2 – Cruel and Unusual Punishment (§ 42 U.S.C. 1983); Count 3 – Failure to train (§ 42 U.S.C. 1983); Count 4 – Americans With Disabilities Act § 202 /42 U.S.C. § 12132.

2. The Defendants Okeechobee County Sheriff's Office (hereinafter "OCSO") and NOEL STEPHEN have filed a Motion to Dismiss Counts 1, 2, 3 and 4 (hereinafter "Motion"). Defendants contend that Okeechobee County Sheriff's Office is not sui juris, the Plaintiff has not sufficiently alleged municipal liability claims or an ADA claim, punitive damages are not appropriate against Defendants, and injunctive relief is not proper. (Def. Motion, Pg. 2).

WHEREFORE, based upon the allegations in the Complaint the Defendant is not entitled to a dismissal and should be denied. Further, and in support of this response in opposition to Defendant's motion, Plaintiff would refer this Honorable Court to the memorandum of law incorporated herein.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

In reviewing a complaint on a motion to dismiss under Rule 12(b)(6) Fed. R. Civ. P., the rule to be applied is that the complaint contains 'a short plain statement of the claim showing that the pleader is entitled to relief.' U.S. v. Baxter Int'l, Inc., 345 F. 3d 866, 880 (11th Cir. 2003). This is a liberal pleading requirement that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. For Choice, Inc., 253 Fed. 3d 678, 683 (11th Cir. 2001). The complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable theory." Id. The plaintiff's well-pled facts must be accepted as true and the Complaint construed in the light most favorable to the Plaintiff. Howry v. Nissus, Inc., 910 F. Supp. 576 (M.D. Fla. 1995).

### II. ARGUMENT

#### A. Okeechobee County Sheriff's Office Not Proper Party.

Plaintiff acknowledges Count 1, 2, 3 and 4 are improperly brought against the Defendant, Okeechobee County Sheriff's Office. Plaintiff requests leave to amend this Complaint.

**B.     Defendant, NOEL STEPHEN is liable for inadequate conditions as he was aware of the requirement for wheelchair accessible holding cells; Evidenced by the Defendant's improper custom of violating constitutional rights, Count 2 should not be dismissed.**

A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law. City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (citation omitted). Liability may be imposed due to the existence of an improper policy or from the absence of a policy. Rivas v. Freeman, 940 F.2d 1491, 1495, (11th Cir. 1991)

The Defendant contends that Plaintiff failed to establish a policy or custom that demonstrates municipal liability. (Def. Motion, Page 6). Defendant's reliance on *Monell* is misplaced. A plaintiff raising a claim of cruel and unusual punishment under § 1983 must establish: (1) a condition of confinement that inflicted unnecessary pain or suffering; (2) a defendant's deliberate indifference to that condition; and (3) causation. LaMarca v. Turner, 995 F. 2d 1526, 1535, (11th Cir. 1993). An Eighth Amendment violation can arise from unsafe conditions of confinement even if no assault or similar injury has yet occurred. Marsh v. Butler County, 268 F. 3d 1014, 1034 (11th Cir. 2001). The Eighth Amendment protects against sufficiently imminent dangers as well as current unnecessary and wanton infliction of harm. *Id.*

That in response, Plaintiff has sufficiently alleged that Plaintiff was denied adequate conditions of confinement for his disability and medical care (Complaint, ¶33). To show a deliberate indifference Plaintiff must show that the condition is "extreme" and that he "is incarcerated under conditions posing a substantial risk of serious harm". Beaudion v. Aramark Food Serv., NO. 19-10064-CV-MOORE, 2019 U.S. Dist. LEXIS 197788, at *11 (S.D. Fla. Nov. 13, 2019). Additionally, Plaintiff must show that the defendant knew of and disregarded an

excessive risk to inmate health or safety, which requires that the official must both have been aware of facts from which the inference could be drawn that substantial risk of serious harm existed, and that the official must have drawn the inference. Id.  When the Defendants provided the Plaintiff, paraplegic, a mattress without any safety precautions, aid, or supervision it clearly established an extreme condition.  Plaintiff has alleged Defendants were deliberately indifferent as to the level of compliance with the American with Disabilities Act, wheel-chair accessible facilities, and reasonable accommodations for its pretrial detainees (Complaint, ¶36). Plaintiff has additionally alleged prior to November 11, 2018, Defendants, OCSO and SHERIFF, permitted encouraged, tolerated, and ratified a pattern of practice or custom of custom to permit custodial deputies to engage in misconduct and violate the Constitutional rights of citizens, as well as failing to make the Okeechobee Jail holding facility wheel-chair accessible and compliant under the American Disabilities Act (Complaint, ¶35).  Essentially, Defendants were aware that they were required to comply with the American Disabilities Act and that the disregarding of such would cause the existence of a substantial risk of harm. For these reasons, Plaintiff would request that the Defendant's Motion to Dismiss on this basis be denied. Alternatively, Plaintiff requests leave to amend this Complaint.

    **C.**    **Count 3 is sufficiently plead with factual allegations to sustain an improper custom or lack of policy under § 1983**.

"In some cases, the need for training is so obvious that deliberate indifference can be established even without an earlier violation or pattern of abuse" as long as it was "obvious that the municipality's failure to train or supervise its employees would result in a constitutional violation." Am. Fed'n of Labor & Congress of Indus. Orgs. V. City of Miami, 637 F.3d 1178, 1189 (11th Cir. 2011).  Essentially,  Plaintiff alleges Defendants engaged in conduct that constituted

a failure to train or supervise its custodial deputies on compliance with the American Disabilities Act, which caused the underlying violations of Plaintiff's constitutional rights to occur (Complaint, ¶41).  Plaintiff additionally alleges Defendants lack any internal policy to address accommodating pretrial detainees with disabilities (Complaint, ¶42). In the present case, the need for training is obvious to address the constitutional violations of pretrial detainees that require a wheelchair accessible holding cell.  Moreover, the Defendants lack any policy that addresses how a paraplegic pretrial detainee, such as Plaintiff, should be safely confined.  A government, presented with an inmate with a serious medical condition, has an obligation to provide medical care for those whom it is punishing by incarceration.  <u>Marsh</u> at 1038.  An inmate must rely on prison authorities to treat his medical needs, because if authorities fail to meet such need, they will not be met.  <u>Id.</u>  For these reasons, Plaintiff would request that the Defendant's Motion to Dismiss on this basis be denied.  Alternatively, Plaintiff requests leave to amend this Complaint.

      **D.**     <u>**Count 4 sufficiently alleges a claim under the American with Disabilities Act.**</u>

Defendant's contention that Plaintiff has not alleged that his placement in the room was discriminatory in any way is misplaced.  Plaintiff alleged Defendants' custodial deputy forced the Plaintiff to sleep on top of a desk, due to his disability; which required them to place him in a wheel-chair accessible room, that they knew or should've known, was not in a safe condition for him to sleep (Complaint, ¶51).  Clearly, had the Plaintiff not been disabled he would've been provided a safe condition of confinement to sleep like other pretrial detainees. Here, the Plaintiff has sufficiently alleged that he was discriminated against due to his disability when the Defendants provided him a wheelchair that was unable to fit inside a holding cell and he was placed in a room that did not contain the same housing features as the other holding cells for non-disabled detainees

5

(Complaint, , ¶¶ 18,19).  For these reasons, Plaintiff would request that the Defendant's Motion to Dismiss on this basis be denied. Alternatively, Plaintiff requests leave to amend this Complaint.

### E. Plaintiff is entitled to Declaratory and Injunctive Relief

Defendants' contention that Plaintiff's request for declaratory and injunctive relief is moot because it stems from injuries resulting from the conditions of his confinement at a corrections facility in which he is no longer incarcerated is misplaced (Def. Motion Page 11).  In *Owens,* the Court held that because the plaintiff transferred prisons, his claims for injunctive relief no longer presented a case or controversy.  Owens v. Sec'y, Fla. Dep't of Corr., 602 Fed. Appx. 475,477 (11th Cir. 2015).  Unlike in *Owens*, Plaintiff was a pretrial detainee who may be subject to another arrest and subsequent incarceration at the Okeechobee County jail.  Further, because Plaintiff was a pretrial detainee the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration.  In fact, Plaintiff was released the next day.  Any reliance on *Owens* is misplaced, where Plaintiff's request for injunctive relief is concerning inadequate conditions of confinement related to wheelchair accessible holding cells and not a policy concerning medical care.  Essentially, Plaintiff's request for injunctive relief is not moot where he seeks to end a continuing violation of federal law.  See Woody v. Perry, 2018 U.S. Dist. LEXIS 103202, 2018 WL 3060084, at *5 (M.D. Ga. 2018).

### F. Punitive Damages

Punitive damages may be awarded to redress civil rights victims in actions under 42 USCS § 1983. Cook v. Miami, 464 F. Supp. 737, 1979 (S.D. Fla. 1979).  Plaintiff acknowledges punitive damages cannot be recovered against the Defendant, Okeechobee County Sheriff's Office.  Plaintiff requests leave to amend this Complaint.

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Christy Imparto, Counsel for Defendants, Purdy, Jolly, Giuffreda, Barranco & Jisa P.A., 2455 East Sunrise, Suite 1216, Fort Lauderdale, FL 33404: christy@purdylaw.com this 20th day of January 2021.

 

Arthur A. Huggins Jr., Esquire
Huggins Law Firm, PLLC
435 S. Ridgewood Ave. Suite 117
Daytona Beach, FL 32114
T:844.484.4467 F: 1.844.633.7723
arthurhugginslaw@gmail.com
Florida Bar No.: 121864
*Attorney for Plaintiff*