UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**FREDERICK HENRY**                              CASE NO.: 2:20-cv-14451

    **Plaintiff,**

v.

**NOEL STEPHEN** in his official capacity
as Sheriff of Okeechobee County; and
**BRANDON WILSON** in his official
capacity and also individually.

    **Defendants.**
_____/

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, **FREDERICK HENRY**, an individual, by and through the undersigned counsel, and hereby sues the Defendants, **NOEL STEPHEN,** an individual and sheriff in his official capacity, and **BRANDON WILSON,** an individual, and alleges the following:

    1.    This is an action brought for the unlawful deprivation of rights as accorded to Plaintiff, **FREDERICK HENRY**, by (a) 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Eighth and Fourteenth Amendments to the United States Constitution of the United States of America; (b) Americans with Disabilities Act § 202 and 42 U.S.C. § 12132; and (c) the laws of the State of Florida. Plaintiff's claims arise from an incident on November 11, 2018, in which Defendants subjected Plaintiff to,

1

among other things, inadequate jail conditions, inadequate disability accomodations, and negligence. Pendent State Law claims are added as there is a common nucleus of facts.

## JURISDICTION AND VENUE

2. This is a civil action for damages within the original jurisdiction of the Court brought pursuant to 28 U.S.C. §§§ 1331, 1332, and 1343(3) and (4), and within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

3. Pendent state claims are added as there is a common nucleus of facts.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts occurred in Okeechobee County, Florida.

## PARTIES

5. At all times material to this action, Plaintiff, **FREDERICK HENRY** (hereinafter "HENRY"), was a natural person residing in Okeechobee, Okeechobee County, Florida and in the custody of OCSO.

6. At all times material to this action, Defendant, **NOEL STEPHEN** (hereinafter "SHERIFF"), was and still is employed as the Sheriff by Okeechobee County Sheriff's Office (hereinafter "OCSO"), and he is a citizen of the State of Florida. He is sued in his official capacity.

7. At all times material to this action, Defendant, **BRANDON WILSON** (hereinafter "WILSON"), was employed as a corrections officer by OCSO, and he

is a citizen of the State of Florida. He is sued both in his official and individual capacity.

8. OCSO, is the local government entity and/or agency under whose jurisdiction and authority the acts complained of herein occurred, and Defendant, Sheriff is the official with final decision-making authority.

9. Plaintiff has fully complied with all condition precedent to bring this action imposed by the laws of the State of Florida, and particularly the provision of § 768.28, Florida Statutes.

STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

11. Defendant, SHERIFF, had a duty to ensure that its employees and subordinates complied with Florida and Federal Law.

12. SHERIFF, was at all times mentioned herein, and still is, responsible for developing, implementing, promulgating, and enforcing customs, usages, practices, procedures, policies, and rules of employees.

13. SHERIFF, at all times mentioned herein, failed to provide Plaintiff with reasonable accommodations when they were aware of his disability. Plaintiff is a person with a disability as defined in 42 U.S.C. § 12101 and 29 U.S.C. § 705(9)(A) and (B).

14. Prior to November 11, 2018, Defendant, SHERIFF, permitted, encouraged, tolerated, and ratified a pattern of practice or custom of failing to

provide reasonable accommodations under the Americans with Disabilities Act and § 504 of the Rehabilitation Act of 1973:

    a.     Failing to properly train and supervise correction officers on how to accommodate citizens with disabilities.

    b.     Failing to make the Okeechobee Jail holding facility wheelchair accessible and compliant under the American Disabilities Act.

    c.     Failing to properly maintain safe and suitable jail conditions which exposes pre-trial detainees, such as Plaintiff, to unconstitutional conditions of punishment.

15.     SHERIFF has established an indifference to Plaintiff's constitutional rights as it has failed to create a policy that addresses the treatment of pretrial detainees with disabilities, such as Plaintiff.

16.     Plaintiff was transported to Okeechobee County Jail on November 11, 2018 as a pretrial detainee.

17.     Plaintiff, is a paraplegic, who is unable to ambulate without the assistance of a wheelchair.

18.     OCSO provided Plaintiff with a wheelchair that was unable to fit inside the entrance of the holding cell.

19.     As a result, WILSON took the Plaintiff and placed him in a room designated for attorneys visiting with inmates.

20. This room did not have a bed or any assistive devices for the Plaintiff. Instead WILSON provided a mattress and placed it on top of the desk in the room.

21. WILSON helped Plaintiff to get on top of the mattress so that he could sleep.

22. At some time during the night, Plaintiff fell from the desk to floor causing bodily injury.

23. Plaintiff advised WILSON that he was injured and needed medical attention. At first, he was refused treatment and told to remain lying on the floor with the mattress.

24. Plaintiff continued to complain about pain in his legs and back, then was transported to the Raulerson Hospital.

25. Plaintiff was diagnosed with multiple sprains of his neck, hip, and back, knee pain, and a contusion that required medical attention.

26. As a direct and proximate result of these violations of Plaintiff's constitutional rights, he was made to suffer great emotional trauma, discomfort and embarrassment, was exposed to cruel and unusual punishment, his suffered physical injury and he accrued medical bills for treatment of those injuries. Plaintiff demands all relief that is just and equitable, including compensatory and punitive damages and costs.

## COUNT 1 NEGLIGENCE – ALL DEFENDANTS

27. Plaintiff realleges Paragraphs 1-26, as if fully set forth herein, and states additionally or alternatively:

28. On or about November 11, 2018, Defendants failed to properly maintain and inspect its premises in a safe manner and/or condition.

29. Defendants knew or should've known that Plaintiff was disable under in 42 U.S.C. § 12101 and 29 U.S.C. § 705(9)(A) and (B) and required reasonable accommodations for sleeping.

30. Defendants failed to provide safe conditions for Plaintiff when WILSON placed his mattress on the desk with no assistive devices or guard rails to protect Plaintiff from injury to himself. Defendants knew or should've known that the sleeping conditions would, and in fact did, result in Plaintiff's injury.

31. As a direct and proximate cause of Defendants' negligence the Plaintiff suffered severe injuries and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and medical care and treatment; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

## COUNT 2 VIOLATION OF THE UNITED STATES CONSTITUTION EIGHTH AND FOURTEENTH AMENDMENTS 42 U.S.C. § 1983 – ALL DEFENDANTS

32. Plaintiff realleges Paragraphs 1-26, as if fully set forth herein, and states additionally or alternatively:

33. At all times mentioned herein, Plaintiff was denied adequate conditions of confinement for his disability and medical care.

34. Defendants, SHERIFF and WILSON, engaged in conduct that constituted a failure to comply with the American Disabilities Act, which caused the underlying violations of Plaintiff's constitutional rights to occur.

35. Prior to November 11, 2018, Defendant, SHERIFF, permitted encouraged, tolerated, and ratified a pattern of practice or custom of custom to permit custodial deputies to engage in misconduct and violate the Constitutional rights of citizens, as well as failing to make the Okeechobee Jail holding facility wheel-chair accessible and compliant under the American Disabilities Act.

36. Defendants, SHERIFF and WILSON, were deliberately indifferent as to the level of compliance with the American with Disabilities Act, wheel-chair accessible facilities, and reasonable accommodations for its pretrial detainees demonstrated by the following:

(a) Failing to prevent Plaintiff, who had a pre-existing disability of paralysis, from falling of a desk not adequate for sleeping.

(b) Failing to provide adequate provisions for a pre-trial detainee, such as Plaintiff, who is paraplegic resulting in the deprivation of civil liberties.

(c) Failing to discipline WILSON for placing Plaintiff in the Attorney's room with inadequate sleeping conditions and depriving him of hygiene.

(d) Knowingly subjecting Plaintiff, who had a pre-existing disability of paralysis, to harm of injury by placing him on a mattress with no safeguards was cruel and unusual punishment.

37. As a result of the foregoing failures and refusals, Defendant, SHERIFF, has established a permanent and well-settled practice and custom to permit inadequate conditions of confinement, including unreasonable accommodations that violate the Constitutional rights of citizens.

38. Plaintiff demands all relief that is just and equitable, including compensatory and punitive damages and costs.

COUNT 3 42 U.S.C. § 1983 FAILURE TO TRAIN – ALL DEFENDANTS

39. Plaintiff realleges Paragraphs 1-26, as if fully set forth herein, and states additionally or alternatively:

40. At all times mentioned herein, Plaintiff was denied adequate conditions of confinement for his disability and medical care.

41. Defendants, OCSO and SHERIFF, engaged in conduct that constituted a failure to train or supervise its custodial deputies on compliance with the American Disabilities Act, which caused the underlying violations of Plaintiff's constitutional rights to occur.

42. Defendants, OCSO and SHERIFF's failure to implement constitutional conditions of confinement policies evinces a deliberate indifference to the likelihood of ongoing constitutional violations which ultimately resulted in multiple violations of Plaintiff's rights under Federal law and the United States Constitution.

43. Defendant, SHERIFF lacks any internal policy to address accommodating pretrial detainees with disabilities.

44. Defendant, SHERIFF lacks any formal training for its custodial deputies to address accommodating pretrial detainees with disabilities.

45. Defendant, SHERIFF was deliberately indifferent as to the level of training, supervision, and discipline maintained to its custodial deputies demonstrated by the following:

    (a) Failing to prevent Plaintiff, who had a pre-existing disability of paralysis, from falling of a desk not adequate for sleeping.

    (b) Failing to provide adequate provisions for a pre-trial detainee, such as Plaintiff, who is paraplegic resulting in the deprivation of civil liberties.

(c) Failing to discipline WILSON for placing Plaintiff in the Attorney's room with inadequate sleeping conditions and depriving him of hygiene.

(d) Allowing WILSON to knowingly place Plaintiff, who had a pre-existing disability of paralysis, in danger of injury with no safeguards was cruel and unusual punishment.

(e) Failing to implement any courses or provisions for accommodating pretrial detainees with pre-existing disabilities.

46. Defendants failure to effectively supervise and discipline its custodial deputies accused of ignoring detainees' request for accommodations evinces a deliberate indifference to the likelihood of ongoing constitutional violation which ultimately resulted in multiple violations of Plaintiff's rights under Federal law and the Eighth Amendment of the United States Constitution.

47. As a result of the foregoing failures and refusals, Defendant, SHERIFF, has established a permanent and well-settled practice and custom to permit its custodial deputies to refuse reasonable accommodations for detainees with disabilities.

48. Plaintiff demands all relief that is just and equitable, including compensatory and punitive damages and costs.

## COUNT 4 AMERICANS WITH DISABILITIES ACT § 202 /42 U.S.C. § 12132– ALL DEFENDANTS

49.     Plaintiff realleges Paragraphs 1-26, as if fully set forth herein, and states additionally or alternatively:

50.     At all times material herein, Defendants, SHERIFF and WILSON, failed to comply with the requirements of the Americans with Disabilities Act to provided Plaintiff with a suitable housing unit that provided mobility features.

51.     At all times material herein, Defendants, SHERIFF and WILSON, failed to comply with the requirements of the Americans with Disabilities Act to provided Plaintiff with a suitable bed that met the proper height requirement and provided clear floor space.

52.     Defendant, WILSON's conduct was malicious when he forced the Plaintiff to sleep on top of a desk, due to his disability; by placing him in a room with a mattress and no safeguards, that he knew or should've known, was not in a safe condition for him to sleep.

53.     At all times material herein, Defendants, SHERIFF and WILSON, failed to provide reasonable accommodations when they knew Plaintiff was disabled and required wheel-chair accessibility, safeguards, and was prone to fall if he was not provided an adequate bed.

54. As a result of the foregoing failures and refusals, Defendants, SHERIFF and WILSON, caused injury to Plaintiff when he was forced to sleep on top of a desk and fell to the floor Defendants, when WILSON forced the Plaintiff to sleep on top of a desk, due to his disability; they failed to accommodate Plaintiff with proper safeguards for sleeping, that they knew or should've known, was required for safe sleeping conditions.

55. The SHERIFF and WILSON do not have sovereign immunity for claims arising under the American with Disabilities Act. 42 U.S.C. § 12202 (1990).

56. Plaintiff demands all relief that is just and equitable, including compensatory and punitive damages, attorney's fees pursuant to 29 U.S.C. § 794(a), and cost. Plaintiff additionally seeks declaratory and injunctive relief for the cruel and unusual punishment suffered to discrimination of his disability.

WHEREFORE, Plaintiff, **FREDERICK HENRY**, demands judgment for compensatory and punitive damages, attorney's fees pursuant to 42 U.S.C. § 1988 and 29 U.S.C. § 794(a), costs, and prejudgment interest, against Defendants, **NOEL STEPHEN and BRANDON WILSON** and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

RESPECTFULLY submitted this 23rd day of March, 2021.

/s/ AAH
_____
Arthur A. Huggins Jr., Esquire
Huggins Law Firm, PLLC
435 S. Ridgewood Ave. Suite 117
Daytona Beach, FL 32114
T:844.484.4467 F: 1.844.633.7723
arthurhugginslaw@gmail.com
Florida Bar No.: 121864
*Attorney for Plaintiff*