UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14451-CV-MIDDLEBROOKS

FREDERICK HENRY,

    Plaintiff,

v.

NOEL STEPHENS, in his official capacity as Sheriff
of Okeechobee County,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court upon Plaintiff Frederick Henry's Motion for Reconsideration of Order ("Motion"), filed July 9, 2021. (DE 40). Defendant Noel Stephens, sued in his official capacity as Sheriff of Okeechobee County, responded in opposition on July 13, 2021. (DE 41). For the following reasons, the Motion is denied.

On June 15, 2021, I entered an Order on Motions to Dismiss ("Order"), wherein, *inter alia*, I dismissed without prejudice Count IV of Plaintiff's Amended Complaint, "Americans with Disabilities Act § 202/42 U.S.C. § 12132," to the extent it was brought against Defendant Stephens.[1] (DE 36 at 15–16). I found that the claim failed against Defendant Stephens because the Amended Complaint did not allege, or allow for the reasonable inference, that the complained-of conduct was the result of intentional discrimination or exceeded gross negligence. (*Id.* at 16). Upon dismissal, I advised Plaintiff that he may file a Second Amended Complaint by June 25, 2021 in accordance with my Order.

---

[1] I dismissed Count IV with prejudice as brought against Defendant Brandon Wilson. (DE 36 at 15).

1

Plaintiff did not file a Second Amended Complaint. Thus, on July 7, 2021, for clarity of record, I directed Plaintiff to file a Notice Regarding Operative Complaint to confirm his decision to forego the claims that I dismissed from his Amended Complaint without prejudice. (DE 38). In compliance with that Order, Plaintiff advised that he will not file a Second Amended Complaint but instead intended to move for reconsideration of the Order dismissing Plaintiff's ADA claim without prejudice against Defendant Stephens. That Motion is now before me.

A motion for reconsideration should only be filed when there is: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a need to correct a clear error of law or fact. *See Bd. of Trs. of Bay Medical Ctr. v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citations omitted). Such a motion should not be used as a vehicle "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). To prevail on a motion to reconsider, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Miccosukee Tribe of Indians v. United States*, 680 F. Supp. 2d 1308, 1312 (S.D. Fla. 2010) (citations omitted).[2]

In his Motion, Plaintiff argues, for the first time, that Defendant Stephens violated Title II of the ADA by failing to provide adequate medical services to Plaintiff due to his disability. (DE 40 at 3–4). But Plaintiff's ADA claim, as pled in the Amended Complaint, is directed toward the lack of adequate accommodations for Plaintiff at the Okeechobee County Jail—including, the lack of a "suitable housing unit that provided mobility features," a "suitable bed," and "clear floor

---

[2] Plaintiff does not articulate whether he moves under Rule 59(e) or Rule 60(b) or why his grounds for reconsideration fall within either reconsideration standard. Notwithstanding, Plaintiff appears to be arguing implicitly that the Court made a clear error of law or fact.

space." (DE 20 ¶¶ 50–51). If Plaintiff desired to raise this theory of liability under the ADA based on inadequate medical services, it should have done so by filing a Second Amended Complaint, as I granted him leave to do. Because motions for reconsideration are not vehicles for raising arguments that the movant could have raised previously but chose not to, Plaintiff is not entitled to reconsideration on this basis.

Plaintiff also maintains that I should construe Officer Brandon Wilson's decision to place Plaintiff, a paraplegic, on a mattress placed on top of a desk in the attorney-client meeting room for one night as intentionally discriminatory or rising above the level of gross negligence. (DE 40 at 4–5). I considered and addressed this issue in my Order on Motions to Dismiss. Because it is improper on a motion for reconsideration to ask the Court to rethink precisely what it has already thought through, Plaintiff is also not entitled to reconsideration on this basis.

Accordingly, after careful review of Plaintiff's Motion, the Response, and the record as a whole, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of Order (DE 40) is **DENIED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida on this 14th day of July, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record