UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14451-CV-MIDDLEBROOKS/Matthewman

FREDERICK HENRY,

    Plaintiff,

v.

NOEL STEPHENS, in his official capacity as Sheriff
of Okeechobee County,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

THIS CAUSE comes before the Court upon Plaintiff Frederick Henry's Motion to Remand ("Motion"), filed August 3, 2021. (DE 62). Defendant Noel Stephens, sued in his official capacity as Sheriff of Okeechobee County, responded in opposition on August 9, 2021. (DE 69). For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On November 10, 2020, Plaintiff initiated this action in the Circuit Court of the Nineteenth Judicial Circuit in and for Okeechobee County, Florida, (DE 1-1 at 8–18), and on December 15, 2020, Defendants removed the matter to this Court, alleging original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's 42 U.S.C. § 1983 and ADA claims. (DE 1 ¶ 3).[1] Defendants asserted that this Court may exercise supplemental jurisdiction over Plaintiff's state law negligence claim because it arose out of a common nucleus of operative facts as the federal claims. (*Id.* ¶ 4).

---

[1] At the time of removal, the Okeechobee County Sheriff's Office and Sheriff Noel Stephen were the named defendants in this lawsuit. (DE 1-1 at 8–18). Defendant Sheriff Noel Stephen is the only remaining defendant.

## II. LEGAL STANDARD

Any civil action initially brought in a state court may be removed to the proper district court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

Additionally, "[s]ection 1367(a) gives federal courts 'the power to exercise supplemental jurisdiction over all claims that arise out of a common nucleus of operative fact with a substantial federal claim.'" *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678 (11th Cir. 2012) (citations omitted). To determine whether supplemental jurisdiction exists, courts "take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund*, 701 F.3d at 679.

But a court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances[.]" 28 U.S.C. § 1367(c).

## III. DISCUSSION

In the course of this litigation, I have dismissed all of Plaintiff's claims over which this Court had original jurisdiction—namely, his § 1983 and ADA counts—and even the claims that were dismissed without prejudice with leave to amend are no longer at issue in this lawsuit due to Plaintiff's failure to amend in accordance with this Court's Orders. (*See* DE 36; DE 38; DE 42; DE 51). As such, federal question jurisdiction no longer exists, and there is no other basis for the exercise of original subject matter jurisdiction. Thus, the Court may decline to exercise

supplemental jurisdiction over the single remaining state law negligence claim. *See* 28 U.S.C. § 1367(c).

Defendant opposes remand to state court given that this matter is set for trial during the two-week trial period commencing August 30, 2021, and Defendant has filed a Motion for Summary Judgment as to the negligence claim. (*See* DE 69; DE 10; DE 47). Defendant argues that remand at this juncture would create judicial inefficiencies in light of the later stage of these proceedings and because this matter may end up back in federal court, though Defendant does not explain how that may occur. (*See* DE 69).

I acknowledge Defendant's concerns about remand at this juncture; however, I find that such considerations are outweighed by the judicial economy served by safeguarding the limited subject matter jurisdiction of federal courts to adjudicate federal claims. Indeed, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, (1966); *see also Vibe Miro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well."). Moreover, Defendant articulates no ground upon which I may conclude that the state forum would be any less adept at handling the pending Summary Judgment Motion and presiding over this case to its resolution. Therefore, in the absence of a question of federal law, or any other basis for original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand (DE 62) is **GRANTED**.

(2) This action is **REMANDED** to the Circuit Court of the Nineteenth Judicial Circuit

in and for Okeechobee County, Florida.

(3)   The Clerk of the Court shall **CLOSE THIS CASE** in this District and **DENY AS MOOT** all pending motions.

**SIGNED** in Chambers at West Palm Beach, Florida, this 16th day of August, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record